# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| In Re: | : | CHAPTER 13 |
| | : | |
| David Style | : | CASE NO. 16-51502 |
|     Debtor | : | |
| | : | |
| David Style | : | |
|     Movant | : | |
| | : | |
| V. | : | |
| | : | |
| City of Poughkeepsie, Tax Collector, | : | |
| City of Poughkeepsie, Sewer Division, | : | |
| City of Poughkeepsie, Water Division, | : | |
| Green Tree Servicing, LLC, n/k/a Ditech | : | |
| Financial LLC, | : | |
|     Respondents | : | Dated: April 12, 2017 |

## AMENDED CERTIFICATION OF SERVICE

The undersigned hereby certifies that on the 13th day of April, 2017 a copy of Amended Notice of Contested Matter, Debtor's Motion to Determine the Secured Status of Liens in Chapter 13, and Proposed Order, all as attached hereto were sent to the following:

via the Court's CM/ECF electronic service on all parties qualified to receive electronic notice on the 12th day of April 2017:

U. S. Trustee
Office of the U.S. Trustee
Giaimo Federal Building
150 Court Street, Room 302
New Haven, CT 06510
VIA ECF

Molly T. Whiton
Chapter 13 Trustee
10 Columbus Boulevard
Hartford, CT 06106
VIA ECF

MTGLQ Investors, L.P.
c/o Jeffrey J. Hardiman, Esq.
Shechtman Halperin Savage, LLP
1080 Main Street
Pawtucket, Rhode Island 02860
VIA ECF

via First Class Mail, Postage prepaid on the 13th day of April, 2017:

David A. Style, Debtor
4120 Hutchinson River Parkway, 13C
Bronx, NY 10475

City of Poughkeepsie, Tax Collector,
ATTN: Kimberly Nissen-Folley, Tax Collector
62 Civic Center Plaza, 1st floor
Poughkeepsie, New York 12061

City of Poughkeepsie, Sewer Division,
62 Civic Center Plaza, 1st floor
Poughkeepsie, New York 12061
ATTN: President

City of Poughkeepsie, Water Division
62 Civic Center Plaza, 1st floor
Poughkeepsie, New York 12061
ATTN: President

MTGLQ Investors, L.P.
ATTN: Nathan Grant Johnson
Schectman Halperin Savage
1080 Main Street
Pawtucket, RI 02860

via First Class, Certified Mail, Postage prepaid on 13th day of April, 2017:

Green Tree Servicing, LLC
n/k/a Ditech Financial LLC
PO Box 6172
Rapid City, SD 57709-6172
ATTN: President

Ditech Financial LLC
P.O. Box 6172
Rapid City, SD 57709-6172
ATTN: President

Shellpoint Mortgage Servicing
PO Box 10826
Greenville, SC 29603-0826
ATTN: President

THE DEBTOR:
David Style

By: /s/ Neil Crane
Neil Crane, Esquire
LAW OFFICES OF NEIL CRANE, LLC
2679 Whitney Avenue
Hamden, CT  06518
(203) 230-2233

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| In Re: | : | CHAPTER 13 |
| | : | |
| David Style | : | CASE NO. 16-51502 |
| Debtor | : | |
| | : | |
| David Style | : | |
|     Movant | : | |
| | : | |
| V. | : | |
| | : | |
| City of Poughkeepsie, Tax Collector, | : | |
| City of Poughkeepsie, Sewer Division, | : | |
| City of Poughkeepsie, Water Division, | : | |
| Green Tree Servicing, LLC, n/k/a Ditech | : | |
| Financial LLC, | : | |
|     Respondents | : | Dated: April 12, 2017 |

### AMENDED NOTICE OF CONTESTED MATTER RESPONSE DATE

David Style (the "Movant") has filed a Motion to Determine the Secured Status of Liens

pursuant to Rule 3012, F.R.Bankr.P. and 11 U.S.C. §506(a) with the U. S. Bankruptcy

Court.  Notice is hereby given that any response to the Contested Matter must be filed

with the Court no later than May 3, 2017*. In the absence of a timely-filed response, the

proposed Order in the Contested Matter *may* enter without further notice and hearing,

*see*, 11 USC §102(1).


Dated: 4/12/2017                  By: /s/ Neil Crane
                                    Neil Crane, Esquire
                                    LAW OFFICES OF NEIL CRANE, LLC
                                    2679 Whitney Avenue
                                    Hamden, CT  06518
                                    Ph:  (203) 230-2233
                                    Fax: (203) 230-8484


* Pursuant to Federal Rule of Bankruptcy Procedure 9006(f), if service is made by mail, three days are added after the response date set in this notice.

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| In Re: | : | CHAPTER 13 |
| | : | |
| David Style | : | CASE NO. 16-51502 |
|     Debtor | : | |
| | : | |
| David Style | : | |
|     Movant | : | |
| | : | |
| V. | : | |
| | : | |
| City of Poughkeepsie, Tax Collector, | : | |
| City of Poughkeepsie, Sewer Division, | : | |
| City of Poughkeepsie, Water Division,: | | |
| Green Tree Servicing, LLC, n/k/a Ditech | : | |
| Financial LLC, | : | |
|     Respondents | : | Dated: April 6, 2017 |

## MOTION TO DETERMINE THE SECURED
## STATUS OF LIENS IN CHAPTER 13

The Movant, David Style, brings this Motion in which this Court has jurisdiction pursuant to Bankruptcy Rule 3012 and 11 U.S.C. §506(a), to determine the status of liens as to his property and to avoid security interests in property under Bankruptcy Code Sections 506(a) and (d) to the extent that the allowed amounts of such creditors' claims exceed the value of his property, and respectfully represent as follows:

1.    The Debtor, David Style, filed a Voluntary Petition under Chapter 13 of the United States Bankruptcy Code on November 11, 2016.

2.    At the time of the filing of the petition, the Movant was 100% owner of real estate known as 12 Fountain Place, Poughkeepsie, New York, a multi-family property.

3.    The Respondent, City of Poughkeepsie, Tax Collector, may claim an interest in said property by virtue any taxes due that remain outstanding and properly perfected as of

the date hereof pursuant to applicable law.

4.    The Respondent, City of Poughkeepsie, Sewer Division, may claim an interest in said property by virtue any sewer usage liens due that remain outstanding and properly perfected as of the date hereof pursuant to applicable law.

5.    The Respondent, City of Poughkeepsie, Water Division, may claim an interest in said property by virtue any water liens due that remain outstanding and properly perfected as of the date hereof pursuant to applicable law.

6.    The Respondent, Green Tree Servicing, LLC, n/k/a Ditech Financial LLC, claims an interest in said property by virtue of a Mortgage Deed from David Style to Mortgage Electronic Registration Systems, Inc. as nominee for America's Wholesale Lender in the principal amount of $220,000 dated June 7, 2006 and recorded June 20, 2006 as Document # 012006 10174 in the Dutchess County Land Records.  Said Mortgage was assigned to BAC Homes Loans Servicing, LP fka Countrywide Home Loans Servicing LP by Assignment of Mortgage dated May 9, 2011 and filed in the Dutchess County Land Records as Document #012011847A.  As further assigned from Countrywide Home Loans, Inc. to Green Tree Servicing LLC by Assignment of Mortgage dated May 15, 2013 and recorded July 10, 2013 as Document # 0120131941A in the Dutchess County Land Records.  As further assigned from Bank of America, N.A. as successor by merger to BAC Home Loans Servicing LP fka Countrywide Home Loans Servicing LP to Green Tree Servicing LLC by Assignment of Mortgage dated September 19, 2014 and recorded November 5, 2014 as Document # 0120143005A of the Dutchess County Land Records. Green Tree Servicing, LLC changed its name to Ditech Financial LLC effective August 13, 2015. At the time of the filing of this petition said mortgage debt is $317,120.57, pursuant to the Respondent's proof of claim (claim no.

2-2). To knowledge and belief Ditech Financial LLC is the current servicer of said mortgage.

7.      Pursuant to an appraisal, the fair market value of said residence is $77,000.00. Said valuation is attached as EXHIBIT "A" dated May 28, 2016.

8.      Bankruptcy Code Section 506 provides under Subsection (a) that an allowed claim of a creditor secured by a lien on property in which the estate has an interest is a secured claim to the extent of the value of such creditor's interest in such property and is an unsecured claim to the extent that the value of such creditor's interest is less than the amount of such allowed claim; and such value shall be determined in light of the purpose of the valuation and the proposed disposition or use of such property and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

9.      Bankruptcy Code Section 506 further provides under Subsection (d) that to the extent a lien secures a claim against the Debtor that is not an allowed secured claim, such lien is void.

10.      As of the date of the Movants' petition under Chapter 13, the fair market value in said property was found to be $77,000.00, the Movant is entitled to bifurcate and avoid Respondent's liens above the fair market value of his property as follows:

|  | Claim | Secured | Bifurcated Claim Under 506(a) and (d) Unsecured or Priority |
|---|---|---|---|
| **Statutory Liens** | | | |
| City of Poughkeepsie, Tax Collector | $0.00 | $0.00 | $0.00 |
| City of Poughkeepsie, Sewer Division | $0.00 | $0.00 | $0.00 |
| City of Poughkeepsie, Water Division | $0.00 | $0.00 | $0.00 |
| **First Mortgage** | | | |
| Green Tree Servicing, LLC, n/k/a Ditech Financial LLC | $317,120.57 | $77,000.00 | $240,120.57 |

WHEREFORE, the Movant claims:

1.    That any Statutory Liens of the City of Poughkeepsie, Tax Collector are treated as secured and enforceable against the property.

2.    That any Statutory Liens of the City of Poughkeepsie, Sewer Division are treated as secured and enforceable against the property.

3.    That any Statutory Liens of the City of Poughkeepsie, Water Division, are treated as secured and enforceable against the property.

4.    That the mortgage of Green Tree Servicing, LLC, n/k/a Ditech Financial LLC amount of $317,120.57 plus costs and interest, as applicable herein be treated as a secured claim to the extent of $77,000.00 and is enforceable against the Debtor's interest in the property to that amount, and treated as an unsecured claim to the extent of $240,120.57.

5.    That the Court enter any and all further relief as to law and equity may appertain.

Dated at Hamden, Connecticut this 6th day of April 2017.

THE MOVANT,
David Style


By /s/ Neil Crane_____
        Neil Crane, Esquire
        LAW OFFICES OF NEIL CRANE, LLC
        2679 Whitney Avenue
        Hamden, CT  06518
        (203) 230-2233

**UNITED STATES BANKRUPTCY COURT**
**District of Connecticut**

| | | |
|---|---|---|
| In Re: | : | CHAPTER13 |
| | : | |
| David Style | : | CASE NO. 16-51502 |
|     Debtor | : | |
| | : | |
| David Style | : | |
|     Movant | : | |
| | : | |
| V. | : | |
| | : | |
| City of Poughkeepsie, Tax Collector, | : | |
| City of Poughkeepsie, Sewer Division, | : | |
| City of Poughkeepsie, Water Division, | : | |
| Green Tree Servicing, LLC, n/k/a Ditech | : | |
| Financial LLC | : | |
|     Respondents | : | Re: EFC No. __ |

**ORDER PURSUANT TO 11 U.S.C. § 506(a) MOTION TO DETERMINE CLAIMS STATUS**

After notice and a hearing on the Debtor's Motion to Determine Claims Status, ECF No. ____, (the "Motion"), and there being no objection thereto, and it having been represented that:

1. The fair market value as of the Petition Date, 11/11/16, of the Debtor's interest in real property known as 12 Fountain Place, Poughkeepsie, NY, the Debtor's multifamily/rental property (the "Property"), is $77,000.00

2. The encumbrances against the Property are summarized in the Motion.

**IT IS ORDERED THAT:**

1. Based on the representations set forth in the Motion, and pursuant to 11 U.S.C. §§506(a) and 1322(b)(2), the extent to which the Debtor may, in his Plan (the "Plan"), treat each of the described secured claims below as "secured or unsecured" is as follows:

A.  First Encumbrance

|  |  |  |  |
|---|---|---|---|
| i. | Name of encumbrance holder: | | Green Tree Servicing, LLC |
| ii. | Type of encumbrance: | | Mortgage |
| iii. | Recording information: | | |
| | a. | Document: | 01200610174 |
| | b. | City/Town: | Poughkeepsie |
| | c. | County: | Dutchess |
| iv. | Amount of encumbrance: | | $77,000.00 as secured in Principal, interest and costs and $240,120.57 in principal, interest and costs as of the Petition Date is hereby treated as unsecured |

**IT IS FURTHER ORDERED THAT:**

The holder of any lien referenced herein shall retain such lien to the extent permitted under applicable non-bankruptcy law, unless and until the Debtor(s) receive(s) a Discharge under 11 U.S.C. § 1328.

*For the purposes of this Order, "Debtor" means "Debtors" where applicable.

File No. a5077m2

APPRAISAL OF



LOCATED AT:

12 FOUNTAIN PL
POUGHKEEPSIE, NY  12603

FOR:

STYLE, DAVID
12 FOUNTAIN PL
POUGHKEEPSIE, NY 12601

BORROWER:

N/A

AS OF:

May 28, 2016

BY:

THOMAS HAYES

File No. a5077m2

STYLE, DAVID
12 FOUNTAIN PL
POUGHKEEPSIE, NY 12601

File Number:   a5077m2

In accordance with your request, I have appraised the real property at:

12 FOUNTAIN PL
POUGHKEEPSIE, NY  12603

The purpose of this appraisal is to develop an opinion of the market value of the subject property, as improved.
The property rights appraised are the fee simple interest in the site and improvements.

In my opinion, the market value of the property as of   May 28, 2016                              is:

77,000
Seventy-Seven Thousand  Dollars

The attached report contains the description, analysis and supportive data for the conclusions,
final opinion of value, descriptive photographs, limiting conditions and appropriate certifications.

THOMAS HAYES

UNIFORM RESIDENTIAL APPRAISAL REPORT    File No. a5077m2

## SUBJECT

| | | |
|---|---|---|
| Property Address 12 FOUNTAIN PL | City POUGHKEEPSIE | State NY   Zip Code 12603 |
| Legal Description SECTION  6161  BLOCK  33 LOT  501854 | | County DUTCHESS |
| Assessor's Parcel No. SAME AS ABOVE | Tax Year 2015   R.E. Taxes $ 5,160.00 | Special Assessments $  NONE |

Borrower N/A    Current Owner  STYLE, DAVID    Occupant: [X] Owner    [X] Tenant    [ ] Vacant
Property rights appraised  [X] Fee Simple   [ ] Leasehold   Project Type  [ ] PUD   [ ] Condominium (HUD/VA only)   HOA$  N/A  /Mo.
Neighborhood or Project Name N/A    Map Reference HAGS 39 J-29    Census Tract 2206.00
Sale Price $ N/A    Date of Sale N/A    Description and $ amount of loan charges/concessions to be paid by seller  N/A
Lender/Client  STYLE, DAVID    Address 12 FOUNTAIN PL, POUGHKEEPSIE, NY 12601
Appraiser  THOMAS HAYES    Address 654 S. DRURY LN  ROCK TAVERN, NY 12575

## NEIGHBORHOOD

| | | | Predominant occupancy | Single family housing | Present land use % | Land use change |
|---|---|---|---|---|---|---|
| Location | [X] Urban | [ ] Suburban | [ ] Rural | | PRICE $ (000) / AGE (yrs) | One family 65% | [X] Not likely [ ] Likely |
| Built up | [X] Over 75% | [ ] 25-75% | [ ] Under 25% | | | 2-4 family 5% | [ ] In process |
| Growth rate | [ ] Rapid | [X] Stable | [ ] Slow | [X] Owner | 40 Low NEW | Multi-family 5% | To: |
| Property values | [ ] Increasing | [X] Stable | [ ] Declining | [ ] Tenant | 550+ High 100+ | Commercial 5% | |
| Demand/supply | [ ] Shortage | [X] In balance | [ ] Over supply | [X] Vacant (0-5%) | Predominant | VAC 20% | |
| Marketing time | [ ] Under 3 mos. | [X] 3-6 mos. | [ ] Over 6 mos. | [ ] Vacant (over 5%) | 180  25 | | |

Note: Race and the racial composition of the neighborhood are not appraisal factors.
Neighborhood boundaries and characteristics: THE SUBJECT'S NEIGHBORHOOD BOUNDARIES ARE THE BOUNDARIES DISPLAYED ON
THE LOCATION MAP.
Factors that affect the marketability of the properties in the neighborhood (proximity to employment and amenities, employment stability, appeal to market, etc.):
THE SUBJECT IS LOCATED IN THE CITY OF POUGHKEEPSIE IN DUTCHESS COUNTY.  IT IS SERVICED BY THE
POUGHKEEPSIE SCHOOL DISTRICT AND POST OFFICE. THE NEIGHBORHOOD CONSIST OF VARIOUS STYLE HOMES THAT
APPEAR TO BE ADEQUATELY MAINTAINED. IT IS IN CLOSE PROXIMITY TO FREEWAY ACCESS, EMPLOYMENT, AND OTHER
AMENITIES. THE 5% OF COMMERCIAL PROPERTY IS MAINLY MADE UP OF LOCAL BUSINESSES.

Market conditions in the subject neighborhood (including support for the above conclusions related to the trend of property values, demand/supply, and marketing time
-- such as data on competitive properties for sale in the neighborhood, description of the prevalence of sales and financing concessions, etc.):
SEE ATTACHED ADDENDUM.

## PUD

Project Information for PUDs (if applicable) - - Is the developer/builder in control of the Home Owners' Association (HOA)?   [ ] YES   [ ] NO
Approximate total number of units in the subject project  N/A    Approximate total number of units for sale in the subject project  N/A
Describe common elements and recreational facilities: N/A

## SITE

| | | |
|---|---|---|
| Dimensions 40x100 | | Topography LEVEL |
| Site area 0.09 ACRES   Corner Lot [ ] Yes [X] No | | Size TYPICAL FOR AREA |
| Specific zoning classification and description R-1 RESIDENTIAL | | Shape RECTANGLE |
| Zoning compliance [X] Legal [ ] Legal nonconforming (Grandfathered use) [ ] Illegal [ ] No zoning | | Drainage TYPICAL FOR AREA |
| Highest & best use as improved: [X] Present use [ ] Other use (explain) | | View AVERAGE |

| Utilities | Public | Other | Off-site improvements | Type | Public | Private | |
|---|---|---|---|---|---|---|---|
| Electricity | [X] | | Street | MACADAM | [X] | | Landscaping TYPICAL FOR AREA |
| Gas | [X] | | Curb/gutter | CONCRETE | [X] | | Driveway Surface MACADAM |
| Water | [X] | | Sidewalk | CONCRETE | [X] | | Apparent easements TYPICAL UTILITY |
| Sanitary sewer | [X] | | Street lights | STANDARD | [X] | | FEMA Special Flood Hazard Area [ ] Yes [X] No |
| Storm sewer | [X] | | Alley | NONE | | | FEMA Zone C   Map Date 01/05/1984 |
| | | | | | | | FEMA Map No. 360222 0001B |

Comments (apparent adverse easements, encroachments, special assessments, slide areas, illegal or legal nonconforming zoning, use, etc.):   NO ADVERSE
EASEMENTS, ENCROACHMENTS, SPECIAL ASSESMENT, SLIDE AREAS OR ILLEGAL ZONING IS NOTED.

## DESCRIPTION OF IMPROVEMENTS

| GENERAL DESCRIPTION | EXTERIOR DESCRIPTION | FOUNDATION | BASEMENT | INSULATION |
|---|---|---|---|---|
| No. of Units TWO | Foundation CONCRETE | Slab NONE | Area Sq.Ft. 1104 | Roof [ ] |
| No. of Stories TWO | Exterior Walls VINYL | Crawl Space NONE | % Finished 0% | Ceiling [ ] |
| Type (Det./Att.) DET | Roof Surface COMPOSITIO | Basement 100% | Ceiling OPEN | Walls [ ] |
| Design (Style) COLONIAL | Gutters & Dwnspts. METAL | Sump Pump NONE | Walls CONCRETE | Floor [ ] |
| Existing/Proposed EXISTING | Window Type DBL HUNG | Dampness NONE NOTED | Floor CONCRETE | None [ ] |
| Age (Yrs.) 85 +/- YRS | Storm/Screens NO / YES | Settlement NONE NOTED | Outside Entry DOOR | Unknown [ ] CONCLE [X] |
| Effective Age (Yrs.) 15+/- YRS | Manufactured House NO | Infestation NONE NOTED | | |

| ROOMS | Foyer | Living | Dining | Kitchen | Den | Family Rm. | Rec. Rm. | Bedrooms | # Baths | Laundry | Other | Area Sq.Ft. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Basement | | | | | | | | | | | | 1,104 |
| Level 1 | | 1 | | 1 | | | | 3 | 1 | | | 1,136 |
| Level 2 | | 1 | | 1 | | | | 3 | 1 | | | 1,136 |
| | | | | | | | | | | | | 0 |

Finished area above grade contains:    10  Rooms;   6  Bedroom(s);   2  Bath(s);   2,272  Square Feet of Gross Living Area

| INTERIOR | Materials/Condition | HEATING | | KITCHEN EQUIP. | ATTIC | | AMENITIES | | CAR STORAGE: | |
|---|---|---|---|---|---|---|---|---|---|---|
| Floors | CPT/TL/AVG | Type HW | Refrigerator [X] | None | [ ] | Fireplace(s) # | [ ] | None [ ] | |
| Walls | DRYWALL/AVG | Fuel GAS | Range/Oven [X] | Stairs | [X] | Patio | [ ] | Garage 2 CAR  # of cars | |
| Trim/Finish | WOOD/AVG | Condition AVG | Disposal [ ] | Drop Stair | [ ] | Deck | [ ] | Attached [ ] | |
| Bath Floor | TILE/AVG | COOLING | Dishwasher [ ] | Scuttle | [ ] | Porch CVD | [X] | Detached [X] 2 CAR | |
| Bath Wainscot | CERAMIC TILE/AVG | Central NONE | Fan/Hood [ ] | Floor | [ ] | Fence | [ ] | Built-in [ ] | |
| Doors | HOLLOW/AVG | Other WNDW | Microwave [X] | Heated | [ ] | Pool | [ ] | Carport [ ] | |
| | | Condition AVG | Washer/Dryer [X] | Finished | [ ] | | | Driveway 2 +CARS | |

Additional features (special energy efficient items, etc.): THE SUBJECT HAS A COVERED PORCH.

## COMMENTS

Condition of the improvements, depreciation (physical, functional, and external), repairs needed, quality of construction remodeling/additions, etc.:   AT THE TIME
OF THE INSPECTION THERE WERE NO FUNCTIONAL OR PHYSICAL INADEQUACIES. THERE IS A FUNCTIONAL FLOOR PLAN
AND NO EXTERNAL OBSOLESCENCE NOTED.

Adverse environmental conditions (such as, but not limited to, hazardous wastes, toxic substances, etc.) present in the improvements, on the site, or in the
immediate vicinity of the subject property: THIS APPRAISER HAS TAKEN REASONABLE STEPS UPON INSPECTION AND FOUND NO
ADVERSE ENVIRONMENTAL CONDITIONS NOTED ON SITE OR IN THE NEARBY VICINITY.

Freddie Mac Form 70  6-93    Produced using ACI software, 800.234.8727 www.aciweb.com    Fannie Mae Form 1004  6-93

UNIFORM RESIDENTIAL APPRAISAL REPORT   File No. __a5077m2__

## Valuation Section

### COST APPROACH

ESTIMATED SITE VALUE . . . . . . . . . . . . . . . . . . . . . = $ _____ N/A

ESTIMATED REPRODUCTION COST-NEW OF IMPROVEMENTS:

| | | |
|---|---|---|
| Dwelling | _____ Sq. Ft. @ $ _____ | = $ _____ |
| | _____ Sq. Ft. @ $ _____ | = $ _____ |
| Garage/Carport | _____ Sq. Ft. @ $ _____ | = $ _____ |
| Total Estimated Cost New | | = $ _____ |
| Less | Physical \| Functional \| External | Est. Remaining Econ. Life: |
| Depreciation | | = $ _____ |
| Depreciated Value of Improvements . . . . . . . . . . . . | | = $ _____ |
| "As-is" Value of Site Improvements . . . . . . . . . . . . | | = $ _____ |

INDICATED VALUE BY COST APPROACH . . . . . . . . . . . = $ _____ N/A

Comments on Cost Approach (such as, source of cost estimate, site value, square foot calculation and for HUD, VA and FmHA, the estimated remaining economic life of the property):
MARSHAL AND SWIFT RESIDENTIAL COST HANDBOOK USED AS A GUIDE FOR ESTIMATING REPLACEMENT COST ALONG WITH LOCAL BUILDING DATA. LAND VALUE IS TYPICAL FOR THIS AREA.

### SALES COMPARISON ANALYSIS

| ITEM | SUBJECT | COMPARABLE NO. 1 | | COMPARABLE NO. 2 | | COMPARABLE NO. 3 | |
|---|---|---|---|---|---|---|---|
| Address | 12 FOUNTAIN PL POUGHKEEPSIE | 31 LINCOLN AVE POUGHKEEPSIE | | 89 S. CHERRY ST POUGHKEEPSIE | | 83 LENT ST POUGHKEEPSIE | |
| Proximity to Subject | | 1.15 miles SW | | 0.35 miles NW | | 0.48 miles NW | |
| Sales Price | $ N/A | $ 63,000 | | $ 83,900 | | $ 75,000 | |
| Price/Gross Liv. Area | $ 0.00 ☑ | $ 35.84 ☑ | | $ 33.45 ☑ | | $ 29.07 ☑ | |
| Data and/or Verification Sources | INSPECTION ASSESSOR | MLS SOLD AND CLOSED DRIVE BY INSPECTION | | MLS SOLD AND CLOSED DRIVE BY INSPECTION | | MLS SOLD AND CLOSED DRIVE BY INSPECTION | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | + (-) $ Adjustment | DESCRIPTION | + (-) $ Adjustment | DESCRIPTION | + (-) $ Adjustment |
| Sales or Financing Concessions | | CONVENTIONAL DOM= 462 | | CONVENTIONAL DOM= 110 | | CONVENTIONAL DOM= 238 | |
| Date of Sale/Time | N/A | 03/21/16 CL | | 09/01/15 CL | | 12/16/15 CL | |
| Location | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Leasehold/Fee Simple | FEE SIMPLE | FEE SIMPLE | | FEE SIMPLE | | FEE SIMPLE | |
| Site | 0.09 ACRES | 0.07 ACRES | | 0.23 ACRES | | 0.10 ACRES | |
| View | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Design and Appeal | COLONIAL | COLONIAL | | COLONIAL | | COLONIAL | |
| Quality of Construction | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Age | 89 +/- YEARS | 116 +/- YEARS | | 96 +/- YEARS | | 116 +/- YEARS | |
| Condition | FAIR | FAIR | | FAIR | | FAIR | |
| Above Grade Room Count | Total 10 \| Bdrms 6 \| Baths 2.00 | Total 7 \| Bdrms 3 \| Baths 2.00 | | Total 10 \| Bdrms 4 \| Baths 2.00 | | Total 11 \| Bdrms 6 \| Baths 2.00 | |
| Gross Living Area | 2,272 Sq.Ft. | 1,758 Sq.Ft. | 10,300 | 2,508 Sq.Ft. | -4,700 | 2,580 Sq.Ft. | -6,200 |
| Basement & Finished Rooms Below Grade | FULL/UNFINISH NONE NOTED | FULL/UNFINISH NONE NOTED | | FULL/UNFINISH NONE NOTED | | FULL/UNFINISH NONE NOTED | |
| Functional Utility | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Heating/Cooling | GAS HW WNDW | HW BB/NO CAC | | HW BB/ NOCAC | | HW BB/ NO CAC | |
| Energy Efficient Items | NONE NOTED | NONE NOTED | | NONE NOTED | | NONE NOTED | |
| Garage/Carport | 2 CAR DETACH | NONE NOTED | +5,000 | 2 CAR DETACH | | NONE NOTED | +5,000 |
| Porch, Patio, Deck, Fireplace(s), etc. | PORCH NONE NOTED | PORCH NONE NOTED | | PORCH NONE NOTED | | PORCH NONE NOTED | |
| Fence, Pool, etc. | NONE NOTED | NONE NOTED | | NONE NOTED | | NONE NOTED | |
| Net Adj. (total) | | ☑ + \| - $ 15,300 | | ☐ + ☑ - $ 4,700 | | ☐ + ☑ - $ 1,200 | |
| Adjusted Sales Price of Comparable | | Gross: 24.3% Net: 24.3% $ 78,300 | | Gross: 5.6% Net: -5.6% $ 79,200 | | Gross: 14.9% Net: -1.6% $ 73,800 | |

Comments on Sales Comparison (including the subject property's compatibility to the neighborhood, etc.): SEE ATTACHED ADDENDUM.

| ITEM | SUBJECT | COMPARABLE NO. 1 | COMPARABLE NO. 2 | COMPARABLE NO. 3 |
|---|---|---|---|---|
| Date, Price and Data Source for prior sales within year of appraisal | HAS NOT SOLD IN LAST 36 MOS ASSESSOR | HAS SOLD ONCE IN LAST 12 MOS ASSESSOR'S RECORDS | HAS SOLD ONCE IN LAST 12 MOS ASSESSOR'S RECORDS | HAS SOLD ONCE IN LAST 12 MOS ASSESSOR'S RECORDS |

Analysis of any current agreement of sale, option, or listing of the subject property and analysis of any prior sales of subject and comparables within one year of the date of appraisal
THE SUBJECT PROPERTY HAS NOT BEEN SOLD IN THE LAST 36 MONTHS. THE COMPARABLE SALES HAVE SOLD ONLY ONCE IN THE LAST 12 MONTHS.

INDICATED VALUE BY SALES COMPARISON APPROACH . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 77,000

INDICATED VALUE BY INCOME APPROACH (If Applicable)   Estimated Market Rent $ N/A /Mo. x Gross Rent Multiplier N/A = $ 0

This appraisal is made ☑ "as is"   ☐ subject to the repairs, alterations, inspections or conditions listed below   ☐ subject to completion per plans and specifications.

Conditions of Appraisal: THERE ARE NO CONDITIONS TO THIS APPRAISAL. ALL ASSUMED TO HAVE CLEAR MARKETABLE TITLE, CERTIFICATE OF OCCUPANCY AND CONFORM TO ALL LOCAL AND STATE BUILDING CODES.

Final Reconciliation: SEE ATTACHED ADDENDUM.

### RECONCILIATION

The purpose of this appraisal is to estimate the market value of the real property that is the subject of this report, based on the above conditions and the certification, contingent and limiting conditions, and market value definition that are stated in the attached Freddie Mac Form 439/Fannie Mae Form 1004B (Revised   6/93   ).

I (WE) ESTIMATE THE MARKET VALUE, AS DEFINED, OF THE REAL PROPERTY THAT IS THE SUBJECT OF THIS REPORT, AS OF   05/28/2016   (WHICH IS THE DATE OF INSPECTION AND THE EFFECTIVE DATE OF THIS REPORT) TO BE $   77,000

APPRAISER:
Signature _____
Name THOMAS HAYES
Date Report Signed 05/30/2016
State Certification # _____   State NY
Or State License # 47-43660   State NY

SUPERVISORY APPRAISER (ONLY IF REQUIRED):
Signature _____   ☐ Did ☐ Did Not
Name _____   Inspect Property
Date Report Signed _____
State Certification # _____   State _____
Or State License # _____   State _____

Freddie Mac Form 70   6-93
Produced using ACI software, 800.234.8727 www.aciweb.com
Fannie Mae Form 1004   6-93

Hayes Appraisal Services

ADDENDUM

| | |
|---|---|
| Borrower: N/A | File No.: a5077m2 |
| Property Address: 12 FOUNTAIN PL | Case No.: |
| City: POUGHKEEPSIE | State: NY   Zip: 12603 |
| Lender: STYLE, DAVID | |

See Attached Addendum

**Neighborhood Market Conditions**
THE MARKET ACTIVITY AND INVENTORY IN THIS AREA APPEARS TO BE STABLE. MARKET VALUES APPEAR TO BE STABLE AS WELL BASED ON THE MEDIAN SALES PRICES WITHIN THE LAST 90 DAYS.

INTEREST RATES APPEAR TO BE REASONABLE AND COMPETITIVE. LOAN DISCOUNTS, INTEREST BUY DOWNS, AND CONCESSIONS DO NOT APPEAR TO BE A MAJOR FACTOR AT THIS TIME.

**Comments on Sales Comparison**

THE DIGITAL PHOTOS UTILIZED WITHIN THIS REPORT ARE ORIGINAL AND HAVE NOT BEEN ALTERED.

ENCRYPTED DIGITAL SIGNATURES HAVE BEEN UTILIZED WITHIN THIS REPORT AND HAVE NOT BEEN ALTERED IN ANY WAY.

ALL INFORMATION HAS BEEN VERIFIED, HOWEVER, CANNOT BE GUARANTEED.

THIS REPORT IS FOR LENDER/CLIENT PURPOSES.

**Conditions of Appraisal**
THIS APPRAISAL IS A RESTRICTED APPRAISAL REPORT FOR MARKET ANALYSIS USE.

**Final Reconciliatio**
THE MARKET APPROACH WITH A WEIGHTED ANALYSIS IS GIVEN THE MOST CONSIDERATION, AS IT IS THE MOST RELIABLE INDICATOR OF ACTIONS OF BUYERS AND SELLERS.

File No. a5077m2

**DEFINITION OF MARKET VALUE:**    The most probable price which a property should bring in a competitive and open market under all conditions requisite to a fair sale, the buyer and seller, each acting prudently, knowledgeably and assuming the price is not affected by undue stimulus. Implicit in this definition is the consummation of a sale as of a specified date and the passing of title from seller to buyer under conditions whereby: (1) buyer and seller are typically motivated; (2) both parties are well informed or well advised, and each acting in what he considers his own best interest; (3) a reasonable time is allowed for exposure in the open market; (4) payment is made in terms of cash in U.S. dollars or in terms of financial arrangements comparable thereto; and (5) the price represents the normal consideration for the property sold unaffected by special or creative financing or sales concessions* granted by anyone associated with the sale.

*Adjustments to the comparables must be made for special or creative financing or sales concessions. No adjustments are necessary for those costs which are normally paid by sellers as a result of tradition or law in a market area; these costs are readily identifiable since the seller pays these costs in virtually all sales transactions. Special or creative financing adjustments can be made to the comparable property by comparisons to financing terms offered by a third party institutional lender that is not already involved in the property or transaction. Any adjustment should not be calculated on a mechanical dollar for dollar cost of the financing or concession but the dollar amount of any adjustment should approximate the market's reaction to the financing or concessions based on the Appraiser's judgment.

### STATEMENT OF LIMITING CONDITIONS AND APPRAISER'S CERTIFICATION

**CONTINGENT AND LIMITING CONDITIONS:**    The appraiser's certification that appears in the appraisal report is subject to the following conditions:

1.  The appraiser will not be responsible for matters of a legal nature that affect either the property being appraised or the title to it. The appraiser assumes that the title is good and marketable and, therefore, will not render any opinions about the title. The property is appraised on the basis of it being under responsible ownership.

2.  The appraiser has provided a sketch in the appraisal report to show approximate dimensions of the improvements and the sketch is included only to assist the reader of the report in visualizing the property and understanding the appraiser's determination of its size.

3.  The appraiser has examined the available flood maps that are provided by the Federal Emergency Management Agency (or other data sources) and has noted in the appraisal report whether the subject site is located in an identified Special Flood Hazard Area. Because the appraiser is not a surveyor, he or she makes no guarantees, express or implied, regarding this determination.

4.  The appraiser will not give testimony or appear in court because he or she made an appraisal of the property in question, unless specific arrangements to do so have been made beforehand.

5.  The appraiser has estimated the value of the land in the cost approach at its highest and best use and the improvements at their contributory value. These separate valuations of the land and improvements must not be used in conjunction with any other appraisal and are invalid if they are so used.

6.  The appraiser has noted in the appraisal report any adverse conditions (such as, needed repairs, depreciation, the presence of hazardous wastes, toxic substances, etc.) observed during the inspection of the subject property or that he or she became aware of during the normal research involved in performing the appraisal. Unless otherwise stated in the appraisal report, the appraiser has no knowledge of any hidden or unapparent conditions of the property or adverse environmental conditions (including the presence of hazardous wastes, toxic substances, etc.) that would make the property more or less valuable, and has assumed that there are no such conditions and makes no guarantees or warranties, express or implied, regarding the condition of the property. The appraiser will not be responsible for any such conditions that do exist or for any engineering or testing that might be required to discover whether such conditions exist. Because the appraiser is not an expert in the field of environmental hazards, the appraisal report must not be considered as an environmental assessment of the property.

7.  The appraiser obtained the information, estimates, and opinions that were expressed in the appraisal report from sources that he or she considers to be reliable and believes them to be true and correct. The appraiser does not assume responsibility for the accuracy of such items that were furnished by other parties.

8.  The appraiser will not disclose the contents of the appraisal report except as provided for in the Uniform Standards of Professional Appraisal Practice.

9.  The appraiser has based his or her appraisal report and valuation conclusion for an appraisal that is subject to satisfactory completion, repairs, or alterations on the assumption that completion of the improvements will be performed in a workmanlike manner.

10.  The appraiser must provide his or her prior written consent before the lender/client specified in the appraisal report can distribute the appraisal report (including conclusions about the property value, the appraiser's identity and professional designations, and references to any professional appraisal organizations or the firm with which the appraiser is associated ) to anyone other than the borrower; the mortgagee or its successors and assigns; the mortgage insurer; consultants; professional appraisal organizations; any state or federally approved financial institution; or any department, agency, or instrumentality of the United States or any state or the District of Columbia; except that the lender/client may distribute the property description section of the report only to data collection or reporting service(s) without having to obtain the appraiser's prior written consent. The appraiser's written consent and approval must also be obtained before the appraisal can be conveyed by anyone to the public through advertising, public relations, news, sales, or other media.

File No. a5077m2

**APPRAISERS CERTIFICATION:**    The Appraiser certifies and agrees that:

1. I have researched the subject market area and have selected a minimum of three recent sales of properties most similar and proximate to the subject property for consideration in the sales comparison analysis and have made a dollar adjustment when appropriate to reflect the market reaction to those items of significant variation. If a significant item in a comparable property is superior to , or more favorable than, the subject property, I have made a negative adjustment to reduce the adjusted sales price of the comparable and, if a significant item in a comparable property is inferior to, or less favorable than the subject property, I have made a positive adjustment to increase the adjusted sales price of the comparable.

2. I have taken into consideration the factors that have an impact on value in my development of the estimate of market value in the appraisal report. I have not knowingly withheld any significant information from the appraisal report and I believe, to the best of my knowledge, that all statements and information in the appraisal report are true and correct.

3. I stated in the appraisal report only my own personal, unbiased, and professional analysis, opinions, and conclusions, which are subject only to the contingent and limiting conditions specified in this form.

4. I have no present or prospective interest in the property that is the subject to this report, and I have no present or prospective personal interest or bias with respect to the participants in the transaction. I did not base, either partially or completely, my analysis and/or the estimate of market value in the appraisal report on the race, color, religion, sex, handicap, familial status, or national origin of either the prospective owners or occupants of the subject property or of the present owners or occupants of the properties in the vicinity of the subject property.

5. I have no present or contemplated future interest in the subject property, and neither my current or future employment nor my compensation for performing this appraisal is contingent on the appraised value of the property.

6. I was not required to report a predetermined value or direction in value that favors the cause of the client or any related party, the amount of the value estimate, the attainment of a specific result, or the occurrence of a subsequent event in order to receive my compensation and/or employment for performing the appraisal. I did not base the appraisal report on a requested minimum valuation, a specific valuation, or the need to approve a specific mortgage loan.

7. I performed this appraisal in conformity with the Uniform Standards of Professional Appraisal Practice that were adopted and promulgated by the Appraisal Standards Board of The Appraisal Foundation and that were in place as of the effective date of this appraisal, with the exception of the departure provision of those Standards, which does not apply. I acknowledge that an estimate of a reasonable time for exposure in the open market is a condition in the definition of market value and the estimate I developed is consistent with the marketing time noted in the neighborhood section of this report, unless I have otherwise stated in the reconciliation section.

8. I have personally inspected the interior and exterior areas of the subject property and the exterior of all properties listed as comparables in the appraisal report. I further certify that I have noted any apparent or known adverse conditions in the subject improvements, on the subject site, or on any site within the immediate vicinity of the subject property of which I am aware and have made adjustments for these adverse conditions in my analysis of the property value to the extent that I had market evidence to support them. I have also commented about the effect of the adverse conditions on the marketability of the subject property.

9. I personally prepared all conclusions and opinions about the real estate that were set forth in the appraisal report. If I relied on significant professional assistance from any individual or individuals in the performance of the appraisal or the preparation of the appraisal report, I have named such individual(s) and disclosed the specific tasks performed by them in the reconciliation section of this appraisal report. I certify that any individual so named is qualified to perform the tasks. I have not authorized anyone to make a change to any item in the report; therefore, if an unauthorized change is made to the appraisal report, I will take no responsibility for it.

**SUPERVISORY APPRAISER'S CERTIFICATION:**    If a supervisory appraiser signed the appraisal report, he or she certifies and agrees that: I directly supervise the appraiser who prepared the appraisal report, have reviewed the appraisal report, agree with the statements and conclusions of the appraiser, agree to be bound by the appraiser's certifications numbered 4 through 7 above, and am taking full responsibility for the appraisal and the appraisal report.

ADDRESS OF PROPERTY APPRAISED:    12 FOUNTAIN PL, POUGHKEEPSIE, NY 12603

APPRAISER:                                                SUPERVISORY APPRAISER (only if required)

Signature:  _Tom Hayes_                                   Signature: _____
Name:  THOMAS HAYES                                       Name: _____
Date Signed:  05/30/2016                                  Date Signed: _____
State Certification #: _____               State Certification #: _____
or State License #:  47-43660                             or State License #: _____
State:  NY                                                State: _____
Expiration Date of Certification or License:  03/07/2018  Expiration Date of Certification or License: _____

                                                          ☐ Did    ☐ Did Not Inspect Property

SUBJECT PROPERTY PHOTO ADDENDUM

| Borrower: N/A | | File No.: a5077m2 |
| Property Address: 12 FOUNTAIN PL | | Case No.: |
| City: POUGHKEEPSIE | State: NY | Zip: 12803 |
| Lender: STYLE, DAVID | | |



**FRONT VIEW OF
SUBJECT PROPERTY**

Appraised Date: May 28, 2016
Appraised Value: $ 77,000



**REAR VIEW OF
SUBJECT PROPERTY**



**STREET SCENE**

COMPARABLE PROPERTY PHOTO ADDENDUM

| | |
|---|---|
| Borrower: N/A | File No.: a5077m2 |
| Property Address: 12 FOUNTAIN PL | Case No.: |
| City: POUGHKEEPSIE | State: NY  Zip: 12603 |
| Lender: STYLE, DAVID | |



**COMPARABLE SALE #1**

31 LINCOLN AVE
POUGHKEEPSIE
Sale Date: 03/21/16 CL
Sale Price: $ 63,000



**COMPARABLE SALE #2**

89 S. CHERRY ST
POUGHKEEPSIE
Sale Date: 09/01/15 CL
Sale Price: $ 83,900



**COMPARABLE SALE #3**

83 LENT ST
POUGHKEEPSIE
Sale Date: 12/16/15 CL
Sale Price: $ 75,000

FLOORPLAN SKETCH

| Borrower: N/A | | File No.: a5077m2 | |
| --- | --- | --- | --- |
| Property Address: 12 FOUNTAIN PL | | Case No.: | |
| City: POUGHKEEPSIE | | State: NY | Zip: 12603 |
| Lender: STYLE, DAVID | | | |



Comments:

| AREA CALCULATIONS SUMMARY | | | |
| --- | --- | --- | --- |
| Code | Description | Net Size | Net Totals |
| GBA1 | First Floor | 1136.0 | 1136.0 |
| GBA2 | Second Floor | 1136.0 | 1136.0 |
| | | | |
| Net BUILDING Area | (Rounded) | | 2272 |

| BUILDING AREA BREAKDOWN | | | |
| --- | --- | --- | --- |
| | Breakdown | | Subtotals |
| First Floor | | | |
| 24.0 | x | 46.0 | 1104.0 |
| 4.0 | x | 8.0 | 32.0 |
| Second Floor | | | |
| 24.0 | x | 46.0 | 1104.0 |
| 4.0 | x | 8.0 | 32.0 |
| 4 Items | (Rounded) | | 2272 |

LOCATION MAP

| Borrower: N/A | | File No.: a5077m2 | |
| Property Address: 12 FOUNTAIN PL | | Case No.: | |
| City: POUGHKEEPSIE | State: NY | | Zip: 12603 |
| Lender: STYLE, DAVID | | | |



| Borrower: N/A | File No.: a5077m2 | |
|---|---|---|
| Property Address: 12 FOUNTAIN PL | Case No.: | |
| City: POUGHKEEPSIE | State: NY | Zip: 12603 |
| Lender: STYLE, DAVID | | |



**Subject**
12 FOUNTAIN PL
POUGHKEEPSIE, NY 12603

**FloodMap Legend**

Flood Zones

- Areas inundated by 500-year flooding
- Areas outside of the 100- and 500-year floodplains
- Areas inundated by 100-year flooding
- Areas inundated by 100-year flooding with velocity hazard
- Floodway areas
- Floodway areas with velocity hazard
- Areas of undetermined but possible flood hazards
- Areas not mapped on any published FIRM

**Flood Information**

Community: 360222 - POUGHKEEPSIE, CITY OF
Property is not in a FEMA special flood hazard area.

| | |
|---|---|
| Map Number: 360222 0001B | Map Date: 01/05/1984 |
| Panel: 0001B | FIPS: 36027 |
| Zone: C | |

Neither Transamerica Flood Hazard Certification (TFHC) nor ACI make any
representations or warranties to any party concerning the content, accuracy or
completeness of this flood report, including any warranty of merchantability or
fitness for a particular purpose. Neither TFHC nor ACI nor the seller of this
flood report shall have any liability to any third party for any use or misuse of
this flood report.

HAYES APPRAISAL SERVICES, OFFICE 845 567-9081, CELL 845 863-6107